BRIAN K. NAGATANI (CSB NO. 208632)
HIXSON NAGATANI LLP
2021 The Alameda, Suite 240
San Jose, CA 95126
Telephone: +1.408.486.9955
Facsimile: +1.408.727.6617
brian@hnemploymentlaw.com

Attorneys for Defendant,
PSIQUANTUM, CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ROMIT CHAKRABORTY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PSIQUANTUM, CORP.,<br><br>　　　　　　　Defendant. | Case No.:<br><br>**DEFENDANT PSIQUANTUM, CORP.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(a)**<br><br>**FEDERAL QUESTION JURISDICTION** |

DEFENDANT'S NOTICE OF REMOVAL, Case No. _____

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF ROMIT CHAKRABORTY:

PLEASE TAKE NOTICE that Defendant PsiQuantum, Corp. ("Defendant") hereby removes to this Court the state-court action described below, and states that removal is proper for the reasons set forth below:

## BACKGROUND

1. On March 13, 2025, an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled *Romit Chakraborty v. PsiQuantum, Corp.* as Case Number 25CV461149, attached hereto as Exhibit A. Defendant is the only named defendant in the Complaint.

2. Defendant's registered agent for service of process was served with the Complaint, a Summons, and a Civil Lawsuit Notice on March 18, 2025. This removal therefore is timely because Defendant has filed it within 30 days of service of the Summons and Complaint as required by 28 U.S.C. §1446(b). True and correct copies of the Civil Cover Sheet, Civil Lawsuit Notice, and Summons received by Defendant are attached as Exhibits B, C, and D.

3. On April 1, 2025, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction and an Ex Parte Application for Expedited Discovery. True and correct copies of the two Ex Parte Applications are attached as Exhibits E and F.

4. On April 2, 2025, Defendant filed an Opposition to Plaintiff's Ex Parte Application for Temporary Restraining Order, along with supporting declarations from Tara Shapowal and Arvin Kakekhani. True and correct copies of the Defendant's Opposition and the Declarations are attached as Exhibits G, H, and I.

5. On April 2, 2025, Plaintiff filed a Reply Re: Ex Parte Application Re: Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction. A true and correct copy of Plaintiff's Reply received by Defendant is attached as Exhibit J.

6. On April 2, 2025, the Court denied Plaintiff's Ex Parte Application for Expedited

Discovery and Application for Temporary Restraining Order.  True and correct copies of the Court's Orders are attached as Exhibits K and L.

7. On April 11, 2025, the Court denied Plaintiff's Ex Parte Application for Order to Show Cause Re: Preliminary Injunction.  A true and correct copy of the Court's Order is attached as Exhibit M.

8. On April 14, 2025, Plaintiff filed an Amended Complaint and a Declaration in Support of Plaintiff's First Amended Complaint.  True and correct copies of Plaintiff's Amended Complaint and Declaration received by Defendant are attached as Exhibits N and O.

9. On April 15, 2025, Defendant filed and served its Answer to Plaintiff's Amended Complaint in the Santa Clara County Superior Court.  A true and correct copy of Defendant's Answer is attached as Exhibit P.

10. In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies that Defendant will promptly serve Plaintiff's counsel a copy of this Notice of Removal and file it with the Clerk of the Santa Clara County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. §1446 have been satisfied.

11. Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§1441 *et seq.*, and 1391 because this is the judicial district of this Court in which the action arose, and where the claims arose.

12. Assignment to the San Jose Division is proper because "all civil actions that arise in the count[y] of Santa Clara…shall be assigned to the San Jose Division."  Northern District of California Local Rule 3-2(e).

**FEDERAL QUESTION JURISDICTION**

13. Federal "district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.

14. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending."  28

1  U.S.C. §1441(a).

2  15. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that Plaintiff's second and fifth causes of action arise under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. Accordingly, Plaintiff's claim presents a federal question that supports removal of this matter to this Court.

Dated: April 16, 2025                    HIXSON NAGATANI LLP

By _____
BRIAN K. NAGATANI

Attorneys for Defendant,
PSIQUANTUM, CORP.